IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES STEPP, et al.,                    :

      Plaintiffs,                    :

                                  Case No. 3:91cv468

vs.                                     :

                                  JUDGE WALTER HERBERT RICE

MONSANTO RESEARCH CORP.,                :
et al.,                                 :

      Defendants.                    :

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL (DOC. #188);
DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER (DOC. #189); DECISION AND ENTRY
OVERRULING PLAINTIFFS' MOTION TO SET ASIDE SCHEDULING
ORDER, STAY DISCOVERY AND CONVENE A STATUS CONFERENCE
(DOC. #190)

---

This action arises out of the operation of the Mound nuclear weapons facility, located in Miamisburg, Ohio, a facility owned by the United States Department of Energy ("DOE"). Defendants EG&G Mound Applied Technologies, Inc. ("EG&G"), and Monsanto Research Corporation ("Monsanto") were its operators. The Plaintiffs, who live in the vicinity of the Mound, brought this litigation as a putative class action on behalf of "all persons, firms or entities who were residents, property owners or lessees of property" within five miles of the Mound. Plaintiffs' Complaint (Doc. #1) at ¶ 35. Plaintiffs alleged that they and

the putative class they sought to represent have been exposed to the release of radioactivity or radionuclides and other hazardous wastes from that facility. Previously, this Court entered a Decision herein, in which it conditionally granted the Plaintiffs' request to certify this litigation as a class action. See Doc. #72. Subsequently, the Court entered an Expanded Opinion, setting forth the requisite analysis in support of the earlier Decision. See Doc. #84.

This case is now before the Court on the following motions, to wit: Plaintiffs' Motion for Certification of Interlocutory Appeal (Doc. #188); Plaintiffs' Motion for Protective Order (Doc. #189); and Plaintiffs' Motion to Set Aside Scheduling Order, Stay Discovery and Convene a Status Conference (Doc. #190). As a means of analysis, the Court will rule on the foregoing motions in the above order.[1]

I. Plaintiffs' Motion for Certification of Interlocutory Appeal (Doc. #188)

Plaintiffs move pursuant to 28 U.S.C. § 1292(b), which provides:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an

---

[1]Defendants' Renewed Motion to Decertify Class (Doc. #184) is also pending. The Court does not rule on that motion herein, given that it has not been fully briefed. The parties stipulated (see Doc. #187) that Plaintiffs would be given until January 13, 2012, in which to file its memorandum opposing that motion. Plaintiffs have complied with the parties' agreement. See Doc. #195. The parties also stipulated that the Defendants would be given 21 days thereafter in which to file a reply memorandum. See Doc. #187. The Defendants' time in which to file such a memorandum has yet to expire, and they have not filed their reply memorandum.

2

>appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The Plaintiffs request that the Court certify for an immediate appeal the question of whether federal dose limits for radiological releases apply to their state law, nuisance claims.[2] This Court held that the federal dose limits were applicable. See Doc. #142. The Court will decline that request. First, the issue is not "a controlling question of law as to which there is substantial ground for difference of opinion." Second, given the age of this litigation, this Court is not of the opinion that permitting an immediate appeal, taking one to two years, might "materially advance the ultimate termination of the litigation." Third, the Plaintiffs failed to comply with the temporal limitation in § 1292(b), given that they did not seek certification within ten days of the filing of the order which they seek to appeal,

---

[2]In support of the proposition that federal radiological dose limits do not apply to their state law nuisance claims, Plaintiffs rely upon Smith v. Carbide and Chemicals Corp., 507 F.3d 372 (6th Cir. 2007). That litigation arose out of the release of trichloroethylene, a toxic chemical used to degrease industrial equipment, and technetium-99, a man-made radioactive substance that came with recycled uranium brought into the plant to be enriched, from the Paducah Gaseous Diffusion Plant, located ten miles west of Paducah, Kentucky. Therein, the District Court had granted summary judgment in favor of the defendants on plaintiffs' state law, nuisance claim. In so doing, the District Court had addressed only state law issues. The Sixth Circuit reversed that grant of summary judgment, like the District Court, addressing only state law issues. In the final two paragraphs of their brief before the Sixth Circuit, the defendants raised the issue of whether federal radiological dose limitations were applicable to plaintiffs' nuisance claims. That issue was not addressed in oral argument. The Sixth Circuit declined to address the question, since the defendants had not fully developed it in their brief or during oral argument, and, further, because the District Court had not addressed the issue. Id. at 392. Parenthetically, on remand, the District Court concluded that federal radiological dose limitations were applicable. Smith v. Carbide and Chemicals Corp., 2009 Westlaw 3007127 (W.D.Ky. 2009).

3

the Court's Expanded Opinion (Doc. #142), which was filed on August 17, 2007. Rather, the Plaintiffs filed their Motion for Certification of Interlocutory Appeal (Doc. #188) on November 16, 2011.

Accordingly, the Court overrules Plaintiffs' Motion for Certification of Interlocutory Appeal (Doc. #188).

I. Plaintiffs' Motion for Protective Order (Doc. #189)

With this motion, Plaintiffs request that the Court prevent the Defendants from continuing to depose absent class members. When this motion was filed, the Defendants had scheduled 15 depositions, 14 of which were of absent class members, which have not taken place as a result of the filing of the Plaintiffs' motion.[3] The Court's Preliminary Pretrial/Scheduling Order provides that by December 31, 2011:

> Defendants [shall] complete written discovery and depositions (1) with respect to alleged class-wide harm from releases of radioactive materials in 1961; and (2) of persons who are pursuing claims based on alleged harm from non-radioactive hazardous materials. However, if the discovery period set forth herein proves to be inadequate, the parties will confer and revise the discovery period and subsequent schedule accordingly.

Doc. #182 at 2. The Court's Preliminary Pretrial/Scheduling Order adopted verbatim the parties' jointly prepared Proposed Joint Fed. R. Civ. P. 26(f) Case Scheduling Order. See Doc. #181 at 2.

The Plaintiffs argue that the Court should grant the requested protective order, because they have moved for an interlocutory appeal which will delay the

---

[3]The depositions had been scheduled so that three would occur on a particular day.

4

matter. Given that it has rejected Plaintiffs' request for an interlocutory appeal, the Court declines for that reason to grant the requested protective order.

Accordingly, the Court overrules Plaintiffs' Motion for Protective Order (Doc. #189). Plaintiffs have indicated that they will cooperate with Defendants in scheduling the depositions after the pending request for an interlocutory appeal has been resolved. See Doc. #189 at 5. Since the Court has rejected that request herein, it assumes that the Plaintiffs will so cooperate.

## III. Plaintiffs' Motion to Set Aside Scheduling Order, Stay Discovery and Convene a Status Conference (Doc. #190)

With this motion, the Plaintiffs ask this Court to grant them the requested relief, because the granting of their request for an interlocutory appeal will make the current dates in the Court's Preliminary Pretrial/Scheduling Order (Doc. #182) impossible to meet. Given that this Court has overruled Plaintiffs' motion seeking an interlocutory appeal, that motion does not serve as the basis for granting the requested relief. Plaintiffs also point out that, under the Court's Preliminary Pretrial/Scheduling Order (Doc. #182), the Defendants were to have completed depositions of "all persons pursuing claims based on alleged harm from non-radioactive hazardous materials" by December 31, 2011. The Court assumes that such depositions have not been completed. It bears noting that 15 depositions scheduled by the Defendants did not go forward, because the Plaintiffs filed their motion requesting a protective order.

Accordingly, the Court overrules Plaintiffs' Motion to Set Aside Scheduling Order, Stay Discovery and Convene a Status Conference (Doc. #190).

5

6

Following this Court's ruling on Defendants' Renewed Motion to Decertify Class (Doc. #184), this Court will convene a status conference.

February 1, 2012

                                    *[signature]*
                                    WALTER HERBERT RICE, JUDGE
                                    UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.