IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES STEPP, et al.,                      :

        Plaintiffs,               :

                                          Case No. 3:91cv468

        vs.                       :

                                JUDGE WALTER HERBERT RICE

MONSANTO RESEARCH CORP.,                  :
et al.,                                   :

        Defendants.               :

---

DECISION AND ENTRY OVERRULING DEFENDANTS' RENEWED
MOTION TO DECERTIFY CLASS (DOC. #184); CERTIFIED CLASS
REDEFINED IN ACCORDANCE WITH PRIOR RULINGS OF THIS COURT;
CONFERENCE CALL SET

---

This action arises out of the operation of the Mound Nuclear Weapons

Facility ("The Mound"), located in Miamisburg, Ohio, a facility owned by the United

States Department of Energy ("DOE"). Defendants EG&G Mound Applied

Technologies, Inc. ("EG&G"), and Monsanto Research Corporation ("Monsanto")

were its operators. The Plaintiffs, who live in the vicinity of the Mound, brought

this litigation as a putative class action on behalf of "all persons, firms or entities

who were residents, property owners or lessees of property" within five miles of

the Mound. Plaintiffs' Complaint (Doc. #1) at ¶ 35. Plaintiffs alleged that they

and the putative class they sought to represent have been exposed to the release

of radioactivity or radionuclides and other hazardous wastes from that facility. Previously, this Court entered a Decision herein, in which it conditionally granted the Plaintiffs' request to certify this litigation as a class action. See Doc. #72. In its Expanded Opinion (Doc. #83), the Court set forth the reasoning and citations of authority to support that earlier Decision. The Court defined the class to include:

> All persons, firms or entities who were residents, property owners or lessees of property within a radius of five (5) miles from the boundary of the Mound Plant, which proximately caused such persons and property to be subject to radioactive and nonradioactive contaminants dispersed from Defendants' operations at the Mound Plant.

Doc. #83 at 20.[1]

---

[1]Although the definition of the class includes those who were exposed to nonradioactive emissions from the Mound, this Court concluded in its Decision of September 26, 2008, that it had not certified a class of those exposed to such emissions, writing:

> It bears emphasis that, although Plaintiffs seek to recover damages for the resulting emissions of radioactivity and other hazardous substances from the Mound, this Court's Order setting forth the reasons for conditionally certifying this litigation focused exclusively on the release of radionuclides from the Mound. See Doc. #84 at 9-10 (discussing commonality requirement in terms of the central factual issue in this litigation being the amount of radioactivity emitted from the Mound over the years); 10-11 (concluding that the claims of the class representatives are typical of members of the class, because claims of all arise out of the release of radioactivity from the Mound); 11-12 (finding that named Plaintiffs are adequate representatives, because they, like the members of the putative class, seek to recover damages caused by the release of radioactivity from the Mound) and 14-16 (in the course of concluding that this litigation can be maintained as a class action under Rule 23(b)(3), common issues of law and fact predominate, because the central questions presented herein involve the amount of radioactivity released from the Mound). When it made its findings concerning typicality, commonality, adequacy of representation and predominance, this Court did not mention the release of any hazardous substance from the Mound, other than the emission of radionuclides. Therefore, this Court has not found that this action may be maintained as a

This case is now before the Court on the Defendants' Renewed Motion to Decertify Class (Doc. #184). As a means of analysis, the Court will initially review the legal standards which govern class actions, following which it will turn to the parties' arguments in support of and in opposition to the Defendants' request for decertification.

Rule 23 of the Federal Rules of Civil Procedure which governs class actions in federal court provides in pertinent part:[2]

> Rule 23.  Class Actions
> (a) Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.
> (b) Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:
> 　　　　　　*　　　　　　　　*　　　　　　　*
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
> 　　　(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> 　　　(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

---

class action seeking to recover for exposure from the release of hazardous substances which are non-radioactive.
Doc. #172 at 10-11 (emphasis in the original and footnote omitted).

[2]The Court certified this action as a class action in accordance with Rule 23(b)(3).

3

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Indeed, this Court has previously conditionally certified this litigation as a class action.

In Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan, 654 F.3d 618, 629 (6th Cir. 2011), the Sixth Circuit recently reviewed the prerequisites for certification under Rule 23(a):

> [B]oth the Supreme Court and this Circuit require that a district court conduct a "rigorous analysis" of the Rule 23(a) requirements before certifying a class. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982); Sprague v. Gen. Motors Corp., 133 F.3d 388, 397 (6th Cir. 1998) (en banc). The "rigorous analysis" requirement is critical because it ensures that each of the prerequisites for certification have actually been satisfied. 6A Federal Procedure, Lawyers Edition § 12:267 (2011). Thus, satisfying Rule 23(a) requires something more than mere repetition of the rule's language; "'[t]here must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled.'" In re Am. Med. Sys., Inc., 75 F.3d 1069, 1079 (6th Cir.1996) (quoting Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir. 1974)).

Id. at 629.

As a means of analysis, the Court will initially discuss the prerequisites of a class action under Rule 23(a), following which it will turn to the question of whether this litigation can be maintained as a class action under Rule 23(b)(3). However, the Court will initially address an argument raised by the Defendants which is not directly tied to the requirements for maintaining a class action.

A major premise for the Defendants' request for decertification is that this Court's rulings on their various requests to dismiss and for summary judgment have greatly narrowed the scope of this litigation. According to Defendants, only

4

individuals, who, as a result of radiological emissions from the Mound in 1961, suffered diminished property values, lost income, were forced to drink bottled water, suffered emotional distress and/or were subjected to a nuisance, have valid claims against the Defendants.  They point to passages from the depositions of certain named Plaintiffs, which they (the Defendants) assert demonstrate that those named Plaintiffs cannot prevail on their claims.  It is axiomatic that a court may not conflate the determination of whether a named plaintiff will prevail on the merits with the decision of whether to certify a lawsuit as a class action.  The Sixth Circuit made that point in Daffin v. Ford Motor Co., 458 F.3d 549 (6th Cir. 2006), writing:

> Ford argues that an owner who has not experienced accelerator sticking and has not sought repair for the problem cannot "prove" an express warranty claim under the "repair or replace" warranty.  The court may ultimately accept or reject this reading of the contract, but a court should not "conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974).  Thus, whether the class members can win on the merits of the issue common to the class is not a factor in determining whether Daffin's claim is typical.

Id. at 553.  See also, See Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983) (noting that "[a]lthough some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits to the class certification stage") (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974)).

Accordingly, this Court declines to base its determination of whether to decertify this litigation on the question of whether the named Plaintiffs will prevail on the merits of their claims.

I.  Rule 23(a): Prerequisites of a Class Action

The four prerequisites for a class action are numerosity, commonality, typicality and adequacy of representation.  The Court will address those four in the above order.  In order to survive Defendants' request for decertification, the Plaintiffs retain the burden of establishing that the prerequisites to certification under Rule 23(a) continue to be met.  <u>D.G. ex rel. Stickland v. Yarbrough</u>, — F.R.D. —, —, 2011 WL 5553145 (N.D. Okla. 2011); <u>In re Credit Suisse First Boston Corp. (Lantronix, Inc.) Analyst Securities Litigation</u>, 250 F.R.D. 137, 140 (S.D.N.Y. 2008).[3]

A.  Numerosity

In <u>Daffin v. Ford Motor Co.</u>, 458 F.3d 549 (6th Cir. 2006), the Sixth Circuit reiterated that it has "recognized that while there is no strict numerical test, 'substantial' numbers usually satisfy the numerosity requirement."  <u>Id.</u> at 552

---

[3]In its Decision of September 26, 2008 (Doc. #172), this Court indicated that the burden of proof was on the party seeking decertification and overruled Defendants' request for same, because it had been predicated upon the premise that the Plaintiffs had the burden.  Based upon the cases cited above, two of which were decided <u>after</u> this Court's earlier Decision, this Court, upon reflection, has decided that the Plaintiffs retain the burden.  An order certifying a lawsuit as a class action is always subject to reconsideration (<u>see</u> Rule 23(c)(1)(C)); therefore, the burden should remain throughout the litigation on the party seeking certification, even in the face of Defendants' motion seeking decertification.

(quoting In re Am. Med. Sys., 75 F.3d 1069, 1079 (6th Cir. 1996)). However, "[i]mpracticability of joinder must be positively shown and cannot be speculative." Golden v. City of Columbus, 404 F.3d 950, 966 (6th Cir. 2005).

The Defendants point out, based upon prior decisions of the Court, that the class can now consist of only those who were exposed to the release of radionuclides from the Mound in 1961, and argue that the numerosity requirement has not been met, given that the Plaintiffs cannot establish that it would be impractical to join all individuals with claims arising out of that release. In response, the Plaintiffs state that the class size, although unknown, is hardly insubstantial. Doc. #195 at 5. In addition, Plaintiffs contend that "[e]ven if class membership is limited to 1961 residents of Miamisburg, the class clearly is too large for joinder," given that "the class should include anyone who satisfies the class definition who came into contact with the 1961 releases." Id.

This Court concludes that the Plaintiffs, at the very least, have created a rebutable presumption that "the class is so numerous that joinder of all members is impracticable." Rule 23(a). Although more than 50 years have passed since the 1961 releases, this Court notes that Miamisburg was and remains such a densely populated community that the Court can take judicial notice of the fact that the number of persons so exposed in 1961, living in or owning property within a 5 mile radius of the boundary of the Mound, remaining alive today, is so numerous that joinder of all is impracticable. Since the above presumption is not rebutted at this time, the Court finds that the Plaintiffs have met their continuing burden of meeting the numerosity requirement.

B.  Commonality

In In re Am. Med. Sys., supra, the Sixth Circuit discussed the commonality requirement:

> The commonality test "is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class."  1 [Herbert B. Newberg & Alba Conte, Newberg on Class Actions] supra, § 3.10, at 3-50 [(3d ed. 1992)].  See also Sterling v. Velsicol Chem. Corp., 855 F.2d 1188, 1197 (6th Cir. 1988) ("mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible").  But, as we shall see, there is an important check on this requirement under Rule 23(b)(3).

75 F.3d at 1080.  See also, Wal-Mart Stores, Inc. v. Dukes, — U.S. —, —, 131 S.Ct. 2541, 2551 (2011) (noting that commonality requires that all class members "have suffered the same injury") (internal quotation marks and citation omitted).

The Defendants contend that the Plaintiffs have failed to establish commonality, because:

> Plaintiffs concede that all class members have not suffered the same injury. They "do not contend that all persons, firms or entities who were residents, property owners, or lessees of property within the five (5) mile radius in 1961 and have been 'subject to' radiation allegedly dispersed from the Mound in 1961 [i.e., members of the defined class] have suffered injury or damage to their persons or property."  (Plaintiffs' Responses to Interrogatories, supra, at 6.)  Accordingly, class members' liability claims do not "depend on a common contention."  Wal-Mart Stores, supra, 180 L.Ed. 2d at 389.

Doc. #184 at 16 (emphasis and bracketed material in the original).

In response, Plaintiffs conflate the commonality and typicality requirements, arguing:

> Defendants['] remaining arguments really do not merit much discussion.  The central question concerning the release of radiation is the same for all members of the class.  Certainly, the Court, by determining if

the Defendants are legally responsible to the class representatives for the release of radiation will advance the litigation.  Indeed, the Court can apply the decision to absent class members. Thus, Plaintiffs, as this Court already has found, easily satisfy the commonality and typicality requirements.

Indeed, the fundamental requirements of Plaintiffs primary claim, private nuisance, demonstrate the practicality of trying the case as a class action. In Ohio, "[f]or a private nuisance to be actionable, the invasion must be either (1) intentional and unreasonable, or (2) unintentional but caused by negligent, reckless, or abnormally dangerous conduct."  Without question, these elements are susceptible to class-wide proof.

Doc. #195 at 6 (footnote omitted).

In <u>Wal-Mart</u>, the Supreme Court noted that the "common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  — U.S. at —, 131 S.Ct. at 2551.  The Court concludes that resolving the nuisance claims on a classwide basis will resolve the issues identified by the Plaintiffs, which are central to all nuisance claims and that, therefore, the Plaintiffs have met their burden of establishing the commonality requirement.

C.  Typicality

In <u>In re Am. Med. Sys.</u>, <u>supra</u>, the Sixth Circuit discussed the typicality requirement of Rule 23(a)(3):

Rule 23(a)(3) requires that "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct.  In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong

9

to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory 1 [Herbert B. Newberg & Alba Conte, <u>Newberg on Class Actions</u>], <u>supra</u>, § 3-13, at 3-76 (footnote omitted). <u>See also</u> <u>General Tel. Co. v. EEOC</u>, 446 U.S. [331,] 330 [(1980) [(3d ed. 1992)] ("typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiffs' claims"); <u>Senter [v. General Motors Corp.]</u>, 532 F.2d [511,] 525 n. 31 [(6th Cir. 1976)] ("[t]o be typical, a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law"). A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members. 1 Newberg, supra, § 3.13, at 3-75.

75 F.3d at 1082. In <u>Wal-Mart</u>, the Supreme Court reiterated on the close

relationship between the typicality and commonality requirements, writing:

We have previously stated in this context that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. Those requirements therefore also tend to merge with the adequacy–of–representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest." <u>General Telephone Co. of Southwest v. Falcon</u>, 457 U.S. 147, 157–158, n. 13 (1982).

— U.S. at —, n. 5, 131 S.Ct. at 2551, n. 5.

The Defendants argue:

In the present case, proof of a class representative's claim would not furnish proof of the other class members' claims, particularly those who have no class claims, and no right to recover in the class proceedings. The typicality requirement of Civil Rule 23(a)(3) has not been satisfied, and the class should be decertified.

Doc. #184 at 17. The Plaintiffs' response to both the commonality and typicality requirements is quoted above, supra at 8-9.

This Court agrees with the Defendants that those members of the class who do not possess claims for which the class can recover, i.e., claims based upon the exposure to the release of radioactivity from the Mound in 1961, cannot recover in class proceedings. Put in another manner, exposure to nonradioactive emissions from the Mound in 1961 would not state a claim for classwide recovery. Indeed, the previously, provisionally certified class must be redefined to include only those who were exposed to radiation from the Mound in 1961. Nevertheless, as it did with the commonality requirement, the Court concludes that resolving the nuisance claims on a classwide basis will resolve issues which are central to all nuisance claims and that, therefore, the Plaintiffs have met their burden of establishing the typicality requirement.


D.  Adequacy of Representation

In Stout v. J. Byrider, 228 F.3d 709 (6th Cir. 2000), cert. denied, 531 U.S. 1148 (2001), the Sixth Circuit discussed the adequacy of representation requirement:

> Under Rule 23(a)(4), a plaintiff seeking to represent the class must demonstrate that he or she will fairly and adequately represent and protect the interests of the class. See In re American Med. Sys., Inc., 75 F.3d 1069, 1083 (6th Cir. 1996). The court reviews the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another. See id. Interests are antagonistic when there is evidence that the representative plaintiffs appear unable to "vigorously prosecute the interests of the class." Id.

Id. at 717. In <u>International Union, United Auto., Aerospace, and Agr. Implement Workers of America v. General Motors Corp.</u>, 497 F.3d 615 (6th Cir. 2007), the Sixth Circuit wrote in a similar regard:

> Class representatives are adequate when it "appear[s] that [they] will vigorously prosecute the interests of the class through qualified counsel," <u>Senter v. Gen. Motors Corp.</u>, 532 F.2d 511, 525 (6th Cir. 1976), which usually will be the case if the representatives are "part of the class and possess the same interest and suffer the same injury as the class members," <u>E. Tex. Motor Freight Sys., Inc. v. Rodriguez</u>, 431 U.S. 395, 403 (1977) (internal quotation marks omitted). Because named class members must act through class counsel, adequacy of representation turns in part on "the competency of class counsel" and in part on the absence of "conflicts of interest." <u>Gen. Tel. Co. of Sw. v. Falcon</u>, 457 U.S. 147, 157 n. 13 (1982); <u>see</u> Fed.R.Civ.P. 23(g)(1)(C).

Id. at 626.

Herein, the Court continues to find that the Plaintiffs have established that class counsel are competent, experienced, able to conduct this litigation and free from conflicts of interest, and that the named Plaintiffs do not have interests that are antagonistic to one another. In addition, while the named Plaintiffs may not prevail on their claims, they allege to have suffered the same injury and possess the same interests as the absent class members. Accordingly, the Court concludes that the Plaintiffs have met their burden of establishing the adequacy of representation requirement.

II. Rule 23(b)(3)

In <u>Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan</u>, 654 F.3d 618 (6th Cir. 2011), the Sixth Circuit reviewed the standards which govern the question of whether a class action can be maintained under Rule 23(b)(3):

12

Federal Rule of Civil Procedure 23(b)(3) requires that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The rule is designed to "'achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 615 (1997) (quoting Fed.R.Civ.P. 23 Advisory Committee Notes).

To determine whether a class action is the superior method for fair and efficient adjudication, the district court should consider the difficulties of managing a class action. Beattie [v. Central Telephone, Inc., 511 F.3d at 554, 567 (6th Cir.)]. The district court should also compare other means of disposing of the suit to determine if a class action "is sufficiently effective to justify the expenditure of the judicial time and energy that is necessary to adjudicate a class action and to assume the risk of prejudice to the rights of those who are not directly before the court." 7AA Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1779 (3d ed. 2010); see also 2 William B. Rubenstein, Alba Conte, & Herbert B. Newberg, Newberg on Class Actions § 4:27 (4th ed. 2010) (identifying possible alternatives to the class action device such as "joinder, intervention, consolidation, a test case, and an administrative proceeding"). Additionally, the court should consider the value of individual damage awards, as small awards weigh in favor of class suits. Beattie, 511 F.3d at 567; see also Amchem, 521 U.S. at 616 (explaining that when individual class members have large stakes in the outcome and the ability to pursue a remedy alone, their individual interests weigh against a Rule 23(b)(3) action).

Id. at 630-31 (footnote omitted). See also Amchem Products, Inc. v. Windsor, 521 U.S. 591, 623 (1997) (noting that "[t]he Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation").

In support of their contention that this litigation can no longer be maintained as a class action, the Defendants argue that, in light of the drastic changes in the Plaintiffs' claims since the Court certified this litigation as a class action in 1993, its findings that this litigation could be maintained as a class action are no longer

applicable. Doc. #184 at 19. The Defendants contend further that, even if the Plaintiffs were able to establish that they (the Defendants) acted negligently or recklessly, individual issues prevent liability from being determined on a classwide basis and that individualized factual issues prevent a class action from being the superior method of resolving this case. Id. at 19-20.

According to the Plaintiffs, the Defendants have ignored the fact that this Court previously found a class action to be the superior method of resolving this litigation and that class members have always been required to establish their damages on an individualized basis. Doc. #195 at 7.

In Pipefitters, the plaintiff brought a class action, challenging a fee being charged by the defendant. The District Court sustained the plaintiff's request for class action status on the claims of breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. On appeal from that decision, the Sixth Circuit reversed, concluding that common issues do not predominate, because the threshold issue of whether the defendant was a fiduciary to the members of the class would have to be decided on an individualized basis. The Pipefitters court noted that, in contrast, the Sixth Circuit had found that class litigation was superior in Daffin v. Ford Motor Co., 458 F.3d 549, 554 (6th Cir. 2006), when a threshold issue of contract interpretation applied equally to the whole class. 654 F.3d at 631.

Herein, this Court has decided with finality that those who were exposed to radioactive or nonradioactive emissions from the Mound at any time, other than during 1961, cannot recover from the Defendants. With respect to those who were harmed as a result of radioactive emissions from the Mound during 1961, the

14

core issue remains, to wit: are they entitled to recover as a result of such emissions. The remedy for the Defendants is not to decertify this litigation; rather, the Court will redefine the class to include only those who were harmed as a result of radioactive emissions from the Mound during 1961. It bears emphasis that, even though this Court denied the Defendants' request for summary judgment on the question of whether the emissions in 1961 violated the federal standards, the Plaintiffs remain obligated to prove by the preponderance of the evidence that such a violation occurred. Therefore, even though individual issues of whether the named Plaintiffs or members of the redefined class suffered damages as a result of diminished property values, lost income, being forced to drink bottled water, suffering emotional distress and/or being subjected to a nuisance also remain to be resolved, the Court concludes that common issues predominate over those individual issues. Consequently, the Court concludes that a class action is the superior form of adjudication.

Accordingly, the Court concludes that the Plaintiffs have met their continuing obligation to establish that common issues predominate and that class action status is the superior method of resolving the claims of the absent class members. Therefore, this litigation may be maintained as a class action under Rule 23(b)(3). However, the Court has ordered that the class be redefined in the following manner, to wit:

> All persons, firms or entities who were residents, property owners or lessees of property within a radius of five (5) miles from the boundary of the Mound Plant, which proximately caused such persons and property to suffer harm as a result of being subject to radioactive contaminants dispersed from Defendants' operations at the Mound Plant, during 1961.

15

Based upon the foregoing, the Court overrules the Defendants' Renewed Motion to Decertify Class (Doc. #184).

Counsel should note that the Court has scheduled a telephone conference for 5:00 p.m., on Monday, March 5, 2012. During that conference call, the question of whether notice should be given to members of the redefined class and the manner of such notice will be discussed. The Court and counsel will also discuss the question of settlement and whether the appointment of one of the United States Magistrate Judges sitting in Dayton, for purposes of settlement, would be helpful.

February 21, 2012

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

16