### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF
### OHIO WESTERN DIVISION

| | |
|---|---|
| **JAMES STEPP, et al.,** | :    **Case No. 3-91-cv-468** |
| **Plaintiffs,** | : |
| **v.** | : |
| | :    **JUDGE WALTER HERBERT RICE** |
| | : |
| **MONSANTO RESEARCH CORP., et al.,** | : |
| **Defendants.** | : |

### ORDER AND FINAL JUDGMENT

This action came on for a final hearing on May 16, 2012, on a proposed settlement by and among all Plaintiffs including, but not limited to, the decertified Plaintiff class as defined in the Settlement Agreement, and Defendants Monsanto Research Corporation and EG&G Mound Applied Technologies, Inc. ("Parties") pursuant to the terms embodied in the Settlement Agreement (the "Settlement") of this decertified class action (the "Action"). The Court preliminarily approved the proposed settlement and decertified the class on March 23, 2012 (Doc. #206). Notice having been given in accordance with the Order Preliminarily Approving Settlement and Decertifying Class and the issues having been duly heard and considered by this Court,

### IT IS HEREBY ORDERED AND ADJUDGED:

The Court has jurisdiction over the subject matter of this Action and over all parties to this Action.

The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Settlement Agreement as its Judgment, and orders that the Settlement Agreement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that the Settlement, which includes the payment of $240,000.00 on behalf of Defendants has been negotiated vigorously and at arm's length by Counsel for all Parties. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit any single party or parties in interest, but rather is designed and intended to benefit all claimants fairly.

The Court determines that the notice transmitted to the plaintiffs and other interested persons for the purpose of submitting claims pursuant to the Order Preliminarily Approving the Settlement and Decertifying Class and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to individuals for whom Plaintiffs' counsel had valid addresses. Such notice provides valid, due and sufficient notice to all persons entitled to such notice of these proceedings and of the matters set forth therein, including the terms of the Settlement embodied in the Settlement Agreement. The Court further finds that the payment of costs of $2895.05, which includes the mailing of the notice and the publication of the summary notice in the Dayton Daily News and the Miamisburg News was fair and reasonable and that Waite, Schneider, Bayless & Chesley, Co., L.P.A. shall be reimbursed for that cost out of the settlement proceeds.

The Court finds that the payment of $1/3^{rd}$ of the net settlement fund or $79,034.83 to Waite, Schneider, Bayless & Chesley Co., L.P.A. is fair and reasonable. The Court notes that Waite, Schneider, Bayless & Chesley Co., L.P.A. is waiving its attorneys' fees and the balance of the unpaid expenses.

2

Based on the Settlement, the Court hereby dismisses the Complaint and the Action against Defendants without prejudice, with the caveat that, with regard to any and all individuals who receive money from the Settlement, the Complaint is dismissed with prejudice.

The Settlement Agreement, including the provisions for distribution of the settlement fund submitted by the Parties, is approved as fair, reasonable and adequate.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising there under.

**SO ORDERED** this ___16th___ day of May, 2012.

_____

JUDGE WALTER H. RICE
United States District Court Judge

**Seen and Approved:**

_____
COUNSEL FOR PLAINTIFFS
Louise M. Roselle
WAITE, SCHNEIDER, BAYLESS & CHESLEY
1513 Fourth & Vine Tower
Cincinnati, OH 45202

_____
COUNSEL FOR DEFENDANTS
Robert E. Tait
Vorys Sater, Seymour
 & Pease LLP
52 East Gay Street
Columbus, Ohio 43215

5/10/2012 13813009